IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

RONALD SALMEN,                                                                                    PLAINTIFF

vs.                                         Civil No. 6:25-cv-06047

FRANK BISIGNANO,                                                                              DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Ronald Salmen ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Disability Insurance Benefits ("DIB") under Title II of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (ECF No. 8.) Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1. **Background:**

Plaintiff filed his disability application on August 2, 2022. (Tr. 18.)[1] In this application, Plaintiff alleges being disabled due to chronic pancreatitis, high blood pressure, rotator cuff surgery in left shoulder, prostate problem, and diverticulitis. (Tr. 173.) Plaintiff alleged an onset date of March

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___." The transcript pages for this case are referenced by the designation "Tr." and refer to the document filed at ECF No. 12. These references are to the page number of the transcript itself not the ECF page number.

1

1, 2018. (Tr. 18.) Plaintiff's application was initially denied on December 16, 2022, and again upon reconsideration on May 8, 2023. *Id*.

Plaintiff requested an administrative hearing on his denied application and this request was granted. (Tr. 18.) An Administrative Law Judge ("ALJ") conducted the hearing on February 7, 2024. *Id*. At this hearing, Plaintiff was present and represented by Hans Eric Pullen. *Id*. Plaintiff and Vocational Expert ("VE"), Charles D. Turner, both testified at the hearing. *Id*.

On May 17, 2024, the ALJ entered an unfavorable decision. (Tr. 18-24.) In this decision, the ALJ determined Plaintiff last met the insured status requirements of the Social Security Act on September 30, 2018. (Tr. 20, Finding 1.) Additionally, the ALJ determined Plaintiff had not engaged in substantial gainful activity between his alleged onset date of March 1, 2018, and his date last insured of September 30, 2018. (Tr. 20, Finding 2.)

The ALJ then determined Plaintiff had severe impairments of alcohol related pancreatitis; diverticulitis; and lumbar spine disorder. (Tr. 20-21, Finding 3.) Despite severe impairments, the ALJ determined Plaintiff did not have an impairment or combination of impairments in 20 CFR Part 404, Subpart P, Appendix 1. (Tr. 21, Finding 4.)

The ALJ determined Plaintiff had the Residual Functional Capacity ("RFC") to perform light work except to occasionally stoop, crouch, bend, kneel, and crawl. (Tr. 22, Finding 5.) The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW") and determined Plaintiff was capable of performing PRW as a jockey agent because the work did not require performance of work-related activities precluded by the claimants RFC. (Tr. 24, Finding 6.) Based upon this finding, the ALJ determined Plaintiff had not been disabled under the Act, at any time from March 1, 2018 through September 30, 2018. (Tr. 24, Finding 7.)

On May 8, 2025, Plaintiff filed the present appeal. (ECF No. 2.) Both parties have filed appeal briefs. (ECF Nos. 16, 18.) This case is now ready for decision.

2. **Applicable Law:**

In reviewing this case, the Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and prevents him or her from engaging in any substantial gainful activity. *See* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A), *Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the

regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. § 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of their RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920.

### 3. **Discussion:**

In his appeal brief, Plaintiff claims the ALJ's disability decision is not supported by substantial evidence in the record. (ECF No. 16.) In making this claim, Plaintiff argues the ALJ erred (1) in inaccurately reflecting substantial evidence when determining an RFC and (2) in assessing the credibility of Plaintiff's subjective complaints. Because the Court finds the ALJ erred in assessing Plaintiff's subjective complaints of pain, the Court will only address this argument for reversal.

The Court notes in assessing the subjective allegations of pain of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage,

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective allegations of pain. *See Id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective allegations. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). If the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective allegations are not entirely reliable, then the ALJ's determination of subjective allegations is entitled to deference. *See Id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective allegations "solely because the objective medical evidence does not fully support them [the subjective allegations]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's subjective allegations of pain, the ALJ must make a specific determination regarding that claimant's subjective allegations, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the Court finds the ALJ did not provide sufficient reasons for discounting Plaintiff's subjective allegations. In his opinion, the ALJ discounted Plaintiff's subjective complains for the following reasons:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and

5

limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.

(Tr. 23.) Although the ALJ referenced "other evidence," apart from a brief review of Plaintiff's medical records, he did not specifically provide an analysis as to how Plaintiff's statements were inconsistent with "other evidence," per a *Polaski* analysis.

Based upon this review, the Court finds the ALJ's assessment of Plaintiff's subjective complaints was improper. *See Polaski*, 739 F.2d at 1322 (holding a claimant's subjective complaints cannot be discounted "solely because the objective medical evidence does not fully support them [the subjective complaints]"). Accordingly, because the ALJ provided an insufficient basis for discounting Plaintiff's subjective complaints during the relevant time period, this case must be reversed and remanded.

4. **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff is not supported by substantial evidence. As such, this case is reversed and remanded for further findings consistent with this opinion. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

This Court reverses and remands only for the purpose of fully considering the *Polaski* factors and supplying valid reasons for discounting Plaintiff's subjective complaints. This opinion should not be interpreted as requiring Plaintiff be awarded disability benefits upon remand.

**ENTERED this 9th day of January 2026.**

/s/ *Spencer G. Singleton*
HONORABLE SPENCER G. SINGLETON
UNITED STATES MAGISTRATE JUDGE